After a dispute arose between plaintiff and defendants regarding a construction management contract for work to be performed by plaintiff in connection with the conversion of a 20-story office building into luxury condominiums, plaintiff commenced this lien foreclosure action against defendants. While this action was pending, nonparty GJF, doing business as *414 Builders Group, and nonparty George Figliolia, plaintiffs president and chief executive officer of GJF as well as sole shareholder of Builders Group, and plaintiffs two other employees who were also employees of GJF/Builders Group, pleaded guilty to grand larceny in connection with a scheme to bilk defendants out of millions of dollars by way of a complex kickback scheme involving the over-billing of project subcontractors. Notably, the construction management contract was signed by Figliolia on behalf of both plaintiff, as construction manager, and GJF, as guarantor.
The gravamen of plaintiffs argument is that the guilty pleas of GJF/Builders Group, as well as plaintiffs president, secretary and employee — the only people employed by plaintiff — cannot be imputed to plaintiff merely because plaintiff did not confess to any wrongdoing, and because the three employees did not confess to wrongdoing specifically related to defendants’ project. As the motion court found, where, as here, the evidence in the record overwhelmingly supports the conclusion that the actions taken by plaintiffs employees and by GJF/Builders Group were taken on behalf of plaintiff, plaintiff is not entitled to collect on the lien (see McConnell v Commonwealth Pictures Corp., 7 NY2d 465, 469 [1960] [“Proper and consistent application of a prime and long-settled public policy closes the doors of our courts to those who sue to collect the rewards of corruption”]). Try though it might, plaintiff simply cannot distance itself from these crimes, committed by its own employees utilizing a contract that it signed and for which it was responsible.
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.